# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARIUS D. BANKS, SR.,

        Plaintiff,

v.

CHRISTOPHER SCHMALING, JOHN HANRAHAN, BRADLEY FRIEND, JUDGE ALICE RUDEBUSCH, WYNNE LAUFENBERG, LT. LUTHER, LT. YOHN, C.O. NOONAN, and SGT. ANDERSON,

        Defendants.

Case No. 21-CV-128-JPS

**ORDER**

        Plaintiff Darius D. Banks, Sr., an inmate confined at Racine County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). On April 19, 2021, Magistrate Judge Stephen C. Dries screened Banks's complaint and determined that it did not state a claim upon which relief could be granted. (Docket #8). However, Banks was given an opportunity to amend his complaint, and he filed an amended complaint on May 7, 2021. (Docket #9).

        This case is currently assigned to Magistrate Judge Dries. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was referred to a District Judge for the limited purpose of screening the amended complaint. The case will be returned to Magistrate Judge Dries after entry of this order.

1.    **FEDERAL SCREENING STANDARD**

        Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity

or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Banks alleges that when he arrived at Racine County Jail on October 6, 2020, he was placed in a holding cell with eight-to-ten other individuals without proper cleaning or sanitization. (Docket #9 at 2). He then quarantined for several days. (*Id.*) At some point between October 21, 2021, and November 1, 2021, after Banks completed his quarantine, Defendant C.O. Noonan moved an inmate into Banks's cell without properly testing that inmate, and Banks contracted COVID-19. (*Id.* at 3). As a result, Banks's preliminary hearing in his criminal case was delayed, and Banks sank into a deep depression. (*Id.*) He also alleges that he did not receive medical treatment for 28 days, but does not state who denied him medical treatment. (*Id.*)

Between November 2020 and January 2021, Banks was moved to a variety of different cells in the Racine County Jail and noticed that none of the cells were properly cleaned or sanitized. (*Id.* at 3–4). He tested positive for COVID-19 again on January 1, 2021, which again delayed his preliminary hearing. (*Id.* at 4–5). Then on March 15, 2021, Defendant Lt. Yohn placed Banks in "OBI"[1] because Banks barricaded himself into his cell, as he did not want to return to the intake area. (*Id.* at 4). Yohn promised Banks that he would be allowed to stay in "OBI" to address his fear of COVID-19. (*Id.*) Then a few days later, Banks was "unvoluntarily [*sic*] moved" from "OBI," but he does not allege who moved him. (*Id.*)

As a result of being removed from "OBI," Banks went on a hunger strike "to stand up for my mistreatment in efforts to exercise my First

---

[1] Plaintiff states he was placed in "OBI" but does not provide what "OBI" stands for. However, the Court presumes "OBI" is an observation status, which likely includes a solitary cell.

Amendment and internal bodily integrity laws." (*Id.* at 5). Banks states "that Defendants Lt. Yohn, Lt. Luther, Sgt. Anderson, C.O. Noonan, Captain Bradley Friend, Chief Deputy John Hanrahan, [and] Sherriff Christopher Schmaling should all be held accountable for violations of [the] 8th Amend. And Defendants Lt. Luther, Lt. Yohn, C.O. Noonan, Sgt. Anderson be held accountable for 1st Amendment violations." (*Id.*) He also states "the remaining defendants" should be held accountable for violations to his Sixth, Eighth, and Fourteenth Amendment rights. (*Id.*) He seeks $505,000.00 in damages. (*Id.* at 6).

3.     ANALYSIS

In the order screening Banks's original complaint, Magistrate Judge Dries explained that § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because § 1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights. (Docket #8 at 4–5). Magistrate Judge Dries determined that Banks failed to allege what each Defendant did or did not do and gave him an opportunity to amend his complaint. (*Id.* at 5–6). Magistrate Judge Dries outlined what Banks needed to include to state a claim, instructing him to provide enough facts for the Court to ascertain who specifically violated his rights. (*Id.* at 6).

On the whole, Banks failed to follow these instructions. For all the Defendants save for C.O. Noonan and Lt. Yohn, Banks only mentions that

they should be held accountable for violating his constitutional rights. *See* (Docket #9 at 5). He does not include any details about what those individuals did or did not do to violate his rights. While courts are to liberally construe *pro se* plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570. Accordingly, Banks may not proceed on claims against Defendants Christopher Schmaling, John Hanrahan, Bradley Friend, Alice Rudebusch, Wayne Laufenberg, Lt. Luther, and Sgt. Anderson, who shall be dismissed from this case.

Based on the complaint, it appears that Banks was a pre-trial detainee at the time of the alleged incident. A claim by a pre-trial detainee regarding the conditions of his confinement is governed by the Fourteenth Amendment. *See Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020); *Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019); *Miranda v. County of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018). To state a claim under the Fourteenth Amendment, the plaintiff must establish that the defendant acted "purposefully, knowingly, or perhaps even recklessly." *Miranda*, 900 F.3d at 353–54; *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). However, if the defendant was merely negligent, it is not enough to establish a constitutional violation of the Fourteenth Amendment. *Kingsley*, 576 U.S. at 396. Additionally, the plaintiff must show that the defendant's conduct was objectively unreasonable under the totality of the facts and circumstances. *Mays*, 974 F.3d at 819 (citing *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018)); *Kingsley*, 576 U.S. at 396–97.

Banks alleges that C.O. Noonan was deliberately indifferent to his risk of contracting COVID-19, an illness that can lead to pneumonia, respiratory failure, or death. COVID-19 is also highly contagious, and

Banks alleges that C.O. Noonan put him in a small, confined space with someone who C.O. Noonan did not properly test for COVID-19. Banks then caught the disease, went several weeks without medical treatment, and suffered from severe depression. At this stage, Banks's allegations are sufficient to state that C.O. Noonan's actions were done purposely and knowingly and that C.O. Noonan's actions were objectively unreasonable given the risks of COVID-19. Therefore, Banks may proceed on a claim of unconstitutional conditions of confinement under the Fourteenth Amendment against C.O. Noonan.

However, Banks may not proceed against Lt. Yohn on an unconstitutional conditions of confinement claim. If anything, Banks alleges that Lt. Yohn was attempting to address Banks's concerns about contracting COVID-19 by moving him to an "OBI" cell. While Banks was ultimately removed from that cell a few days later, he does not allege that it was Lt. Yohn who moved him. Also, Banks does not allege that Lt. Yohn in any way disregarded a risk to his health or safety. Thus, Lt. Yohn purposely acted in a way to address Banks's concerns and his actions were objectively reasonable under the circumstances. Therefore, Banks has failed to state a claim against Lt. Yohn, and he will be dismissed from this action.

2. **CONCLUSION**

In light of the foregoing, the Court finds that Banks may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Unconstitutional conditions of confinement, in violation of the Fourteenth Amendment, by C.O. Noonan.

Accordingly,

**IT IS ORDERED** that Defendants Christopher Schmaling, John Hanrahan, Bradley Friend, Judge Alice Rudebusch, Wayne Laufenberg, Lt.

Luther, Lt. Yohn, and Sgt. Anderson be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon Defendant C.O. Noonan pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendant C.O. Noonan shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions;

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must

---

[2]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties; and

**IT IS FURTHER ORDERED** that this case is returned to Magistrate Judge Stephen C. Dries for further proceedings. The case is no longer referred to Judge J.P. Stadtmueller.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge